Ilsley, J.
A judgment creditor of the defendant, having caused a writ of fieri facias to be issued, and while the writ was in the sheriff’s hands, she filed a petition of garnishment on the clerk of the Seventh Judicial District Court, for the parish of Pointe Coupée. The garnishee, in answer to interrogatories propounded to him, states that he has, as clerk of the District Court, property in his possession belonging, as it appears from the pleadings in suit No. 585, to Michel Hebert; and, further, that the suit No. 585, entitled Michel Hebert and Eugénie Braud v. John and Alcide Chastant, is on file on the records of said Court, also that the notes described in the petition in garnishment are among the papers of said suit, and that they are in his possession as clerk aforesaid, and he annexes a copy of the same. As no legal sale of the said notes could be made by the sheriff until that officer obtained the corporeal possession of the same, the plaintiff, basing his motion on the clerk’s answer, asked the Court that an order be granted directing the clerk and garnishee to deliver to the sheriff the notes, that he might proceed to sell the same.
The Court below overruled and discharged the motion, holding that it had no power to order the clerk to give up the notes, deeming, however, the possession of them by the clerk to be that of the sheriff, and at the same time ordered the clerk to retain the notes until further orders, so that the rights of the plaintiff, the seizing creditor, might not be prejudiced, and from this judgment the plaintiff has appealed.
The question submitted to us is not a novel one, having been frequently presented for solution to our predecessors, who do not seem to have doubted the right of the Court to grant such an order as the one in this case sought to be obtained. See Stansbury v. McCall, 8 An. page 9, and Price v. Emerson, 7 An. 237. They hesitatéd, however, to lay down any definite rule in regard to the interfering with the possession by the clerks of Courts, of records and documents of which he was the legal custodian, being- apprehensive that evil consequences might result from it.
In the case of Price v. Emerson, 7 An. 237, it was intimated that if in that case the apparent title to the notes was in the defendant in execution, the validity of the seizure, under a writ of fieri facias, would have been recognized, and an order for the delivery of them would have been granted.
.In a subsequent case, Woodworth v. Lemmerman, 9 An. 524, the Court *59 said that without an actual seizure, or a citation in garnishment, there could be no attachment, and that service of a mere notice on the clerk, who is the legal custodian of the records of his Court, or even on the debtor against whom a suit is pending (the course pursued in the case of Price v. Emerson), has no more effect than publication in a newspaper would be.
In a late case, Edler v. McAlister, 14 An. 821, the Court adopting the view taken in the Woodworth v. Lemmerman case, as to the effect of a proceeding by garnishment, which the plaintiff in the case now before us has adopted, held, unequivocally, that a draft filed in a suit may by garnishment process, and interrogatories served upon the clerk of the Court in whose custody it is, be attached in a suit instituted in another Court, and that if the clerk’s answer disclose possession of the draft the seizure is good.
To make a valid seizure of tangible property, the sheriff must take actual possession of it (6 A. 531, 581. 4 A. 369); and a copy of the uotes in this case seized, if taken by that officer, would be nugatory. Scott v. Wiblet, 6 A. 182.
It is necessary, therefore, that a delivery of them be made to the sheriff', in order that he proceed to the sale of them under the writ in his hands.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; audit is further ordered that the clerk of the District Court deliver to the sheriff of the parish of Pointe Coupee the notes filed in Court in the suit of Michel Hebert and Eugénie Braud v. John and Alice Chastant, No. 585, on the docket of the said District Court (retaining collated copies thereof), to be sold and disposed of according to law, to satisfy the writ of fieri facias, in his hands, issued from the District Court of Iberville, in the suit of Eugénie Brand and Husband v. Michel Hebert, in the matter of the succession of Thomas Mille.
It is further ordered that the costs of the appeal be taxed as costs in the said suit, in which execution issued.
Labauye, J. recused.